```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
EZEKIAL JOHNSON, JR.,              )
                                   )
      Plaintiff,                   )
                                   )
    v.                             )   C.A. No. 23-114 WES
                                   )
RHODE ISLAND DEPARTMENT OF         )
CORRECTIONS, WAYNE T. SALISBURY,   )
and J.R. VENTURA,                  )
                                   )
      Defendants.                  )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Now before the Court is Defendant Rhode Island Department of Corrections' ("DOC") Motion for Judgment on the Pleadings ("Motion") after it filed its Answer to Plaintiff Ezekial Johnson's Complaint. See Answer, ECF No. 18; Mem. Law Supp. Def.'s Mot. J. Pleadings ("Def.'s Mem."), ECF No. 19-1. Prior to that, the Court fully granted Defendants' Motion to Dismiss. See Mem. & Order ("Order"), ECF No. 14. Though the Court dismissed the claims against the DOC's Public Relations Director, Defendant J.R. Ventura, and the DOC's Director, Defendant Wayne T. Salisbury, ("Individual Defendants") and the claim for monetary damages against Defendant DOC, Plaintiff's Equal Protection claim against Defendant DOC still remains because Defendants failed to argue that the claim should be dismissed as to Defendant DOC. See id.

at 5 n.2, 12 n.3.  For the reasons below, the Court GRANTS Defendant DOC's Motion for the lone claim.  Accordingly, this case is DISMISSED.

I.  BACKGROUND

The Court will assume the parties' familiarity with the facts and allegations as outlined in the Court's previous opinion, see id. at 2-3, apart from recounting some relevant details.

Plaintiff, "a Black man who is incarcerated at the DOC's Adult Correctional Institutions" ("ACI"), alleges DOC officials impermissibly denied his request to participate in an on-camera interview with a local television reporter based on his race.  Id. at 1; Compl. 9-10, ECF No. 1.  Following the filing of Plaintiff's Complaint, Defendants moved to dismiss Plaintiff's Equal Protection claim against Individual Defendants, the deliberate indifference claim against Defendants, his "freedom of the press" claim against Defendants, and Plaintiff's claim for damages against Defendants under 28 U.S.C. § 1983.  Mot. Dismiss, ECF No. 7.  The Court granted Defendants' Motion to Dismiss in full.  Order 12.  Because Defendants did not argue that Plaintiff failed to state an Equal Protection claim against Defendant DOC, the claim was not dismissed.  Id. n.3.

II.  LEGAL STANDARD

The standard of review for a motion for judgment on the

pleadings filed under Rule 12(c) is the same as the standard for a Rule 12(b)(6) motion: the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (motion to dismiss standard); see Doe v. Brown Univ., 896 F.3d 127, 130 (1st Cir. 2018) (motion for judgment on the pleadings standard). The Court "take[s] the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant." Doe, 896 F.3d at 130 (quoting Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018)). Given Plaintiff's pro se status, the Court reads the Complaint liberally. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

III. DISCUSSION

A. Plaintiff's Equal Protection Claim

Defendant DOC argues the Court's dismissal of Plaintiff's § 1983 claim against it for damages is dispositive of Plaintiff's Equal Protection claim altogether. It is certainly true, as Defendant DOC notes, see Def.'s Mem. 5-7 & n.2, § 1983 is the sole procedural vehicle by which a plaintiff can vindicate constitutional violations under the Fourteenth Amendment committed under color of state law, see Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Morales v. N.Y.C. Transit Auth., 19 Civ. 7061 (KPF), 2020 WL 3439362, at *4 (S.D.N.Y. June 23, 2020); Lyons v. Wall,

No. CA 08-498-M, 2012 WL 3144022, at *1 (D.R.I. Aug. 1, 2012) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994)), and a plaintiff cannot obtain damages when suing a state office or a state official in their official capacity because they are not considered "persons" under the statute, Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). But Defendant DOC's argument ignores the possibility, however, that Plaintiff is also seeking prospective injunctive relief.

To be sure, Plaintiff indicates in his Complaint that he is suing Defendants in their official capacity, and he mostly describes his relief in terms of damages. See Compl. 2-3, 12. And the Court dismissed Plaintiff's claims to the extent he sought damages from Defendant DOC. Order 11-12. Nevertheless, in light of Plaintiff's pro se status and under a lenient reading of the Complaint, one can construe it as also requesting injunctive relief. See Alame v. Smetka, No. 08–10777, 2009 WL 236073, at *6 & n.2 (E.D. Mich. Jan. 29, 2009) (construing a pro se prisoner's complaint as seeking injunctive relief for alleged violations of the First Amendment). Here, ultimately, Plaintiff wants to be interviewed by a local television reporter in front of cameras to tell his story about how he was allegedly "framed . . . for [a] cold case murder." Compl. 5. At the end of the day, Plaintiff is

seeking an injunction enjoining Defendant DOC from denying his request to be interviewed at the ACI in front of cameras. Plaintiff emphasizes that "the world needs to hear my story" and that he has an alleged "right to conduct an interview with cameras." Id. at 7, 10.  Plaintiff states that he is "undecided" on what kind of relief he wants but that "[y]ou can't put a dollar amount on freedom it's priceless." Id. at 12. In his response to Defendant DOC's Motion, Plaintiff confirms he wants injunctive relief when he states that his case is "NOT [about] compensation." Pl.'s Resp. Def.'s Mot. J. Pleadings ("Pl.'s Resp.") 3, ECF No. 21.  To that end, Plaintiff is excused for not explicitly stating that he is seeking injunctive relief and his Complaint will be construed as requesting such relief.

Even with this liberal construction in mind, however, Plaintiff fails to state a claim for a violation of his Equal Protection right.  To state such a claim, a plaintiff must plead facts "plausibly demonstrating that 'compared with others similarly situated, [the plaintiff was] selectively treated . . . based on impermissible considerations such as race[.]'" Mulero-Carrillo v. Román-Hernández, 790 F.3d 99, 106 (1st Cir. 2015) (internal quotation marks omitted) (alterations in original) (quoting Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001)).  The Equal Protection clause

prevents "governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (emphasis added). In other words, "[a]ctionable discrimination cannot exist in a vacuum. Rather, the discriminatory intent of which a plaintiff complains must be traceable to the person or persons who made the decision." Bennett v. Saint-Gobain Corp., 507 F.3d 23, 31 (1st Cir. 2007). Meaning, to find an agency, like Defendant DOC, liable, the plaintiff must prove that an agent or employee violated the plaintiff's constitutional rights. Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005) ("[C]ausally, any basis for municipal liability must run through [that employee]'s actions."). Here, the Court already dismissed the Equal Protection claim against Individual Defendants because Plaintiff failed to allege they impermissibly treated Plaintiff differently than another inmate. Order 5. Because Plaintiff has failed to allege "purposeful discrimination on the part of the relevant officials," he cannot maintain an Equal Protection claim against Defendant DOC. Lopera v. Town of Coventry, 640 F.3d 388, 403 (1st Cir. 2011). Accordingly, the Court GRANTS Defendant DOC's Motion.[1]

---

[1] It is likely that Plaintiff's suit is also barred under Eleventh Amendment sovereign immunity, Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 & n.6 (1st Cir. 2009), unless the state either waived, or Congress overrode, Defendant DOC's immunity, Brait Builders

6

B. Plaintiff's Motion to Amend

In response to Defendant DOC's Motion, Plaintiff requests the Court's permission to include claims under the First and Eighth Amendments against Defendant DOC. Pl.'s Resp. 1. In light of Plaintiff's pro se status, see Order 6-7, the Court will construe this request as Plaintiff's second motion to amend his Complaint.

Though leave to amend shall be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave may be denied if such an effort would be futile or, in other words, the amended complaint would still "fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Here, adding First and Eighth Amendment claims against Defendant DOC would fail for the same reason Plaintiff's Equal Protection claim fails: if an employee is not found to have violated a plaintiff's constitutional rights, the agency, on its own, cannot be held liable for an alleged violation. Young, 404 F.3d at 26. Moreover, the Court has already considered claims under the First and Eighth Amendments and found that Plaintiff failed to state such claims. See Order 5-10. For these reasons, leave to amend would be futile and, therefore, Plaintiff's

---

Corp. v. Mass., Div. of Cap. Asset Mgmt, 644 F.3d 5, 11 (1st Cir. 2011). Because the Court can resolve the case on the merits, it may defer the question of whether immunity applies. See id.

motion to amend is DENIED.

IV.   CONCLUSION

For the reasons above, Defendant DOC's Motion for Judgment on the Pleadings, ECF No. 19, is GRANTED.  Plaintiff's request to amend his Complaint to add claims under the First and Eighth Amendments is DENIED.   Plaintiffs' Complaint is DISMISSED. Judgment shall enter accordingly.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: October 25, 2023